**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KARINA BENITEZ,
          Appellant,

      v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
SF-0752-22-0192-I-1

DATE: March 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Karina Benitez</u>, San Bernardino, California, pro se.

<u>Richard I. Anstruther</u>, Esquire, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her chapter 75 removal. On petition for review, the appellant argues that her absence without leave was attributable to an undisclosed illness. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct harmless error in the reasonable accommodation analysis, we AFFIRM the initial decision.

The administrative judge found that the appellant is not an individual with a disability, and thus, not entitled to reasonable accommodation. Initial Appeal File (IAF), Tab 28, Initial Decision (ID) at 26. Alternatively, he found that she never requested reasonable accommodation, and so could not establish a disability discrimination claim based on a denial of reasonable accommodation. *Id.* The administrative judge erred in this analysis. Therefore, we modify the initial decision to apply the correct standard.

The appellant met her burden to establish that she was disabled. An individual may prove that she has a disability by showing, as relevant here, that she suffers from "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); 29 C.F.R. § 1630.2(g)(1)(A). An impairment is considered a disability if it substantially limits an individual's ability "to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Major life activities include, but are not limited to, caring for oneself, concentrating, communicating, and working. 29 C.F.R. § 1630.2(i)(1)(i).

While we agree with the administrative judge's suggestion that the appellant failed to submit helpful proof of her disability, the record reflects that

the appellant represented to the agency that she had anxiety and panic attacks for which she took "strong medication" that affected her memory and her ability to work consistently. ID at 26; IAF, Tab 4 at 196-97. In response to the proposed removal, she reported that she had "a very serious illness and [had] been under a doctor's care several times a week that also required hospitalization." IAF, Tab 4 at 40. And, there is a November 2020 letter from the appellant's psychiatrist corroborating that he had "been treating [the appellant] for a serious medical illness" and she would not be able to work for 3 months. *Id.* at 145. The facts in the record here are sufficient to find that the appellant was disabled within the liberal definition of the term. *See McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 7 (2014) (explaining that the Americans with Disabilities Act Amendments Act of 2008 liberalized the definition of disability by, for example, expanding major life activities to "the operation of a major bodily function," including brain function) (citing 42 U.S.C. § 12102(2)(B)). Thus, we find that the appellant met the definition of an individual with a disability and modify the initial decision to reflect this finding.

However, the administrative judge also concluded that the appellant never requested a reasonable accommodation. ID at 26. The Rehabilitation Act requires an agency generally to provide "reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A); *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014). A disability discrimination claim will fail if the employee never requested accommodation while employed. *Id.*, ¶ 12. An employee only has a general responsibility to inform her employer that she needs accommodation for a medical condition. *Id.* Once she has done so, the employer must engage in the interactive process to determine an appropriate accommodation. *Id.*

A November 2020 letter from the appellant's psychiatrist informed the agency that he had "been treating [the appellant] for a serious medical illness"

and she would not be able to work until February 13, 2021. IAF, Tab 4 at 145. The appellant testified that she was granted leave under the Family and Medical Leave Act of 1993 (FMLA) to use during this period. IAF, Tab 26, Hearing Recording (HR), Track 8 (testimony of the appellant). Thus, to the extent the psychiatrist's letter requested accommodation in the form of leave, the agency granted that request.

The appellant did not argue, and has not presented any evidence suggesting, that she requested an accommodation after she exhausted her FMLA leave in February 2021. The appellant's first-level supervisor gave undisputed testimony that the appellant had not requested leave without pay for leave after February 2021. HR, Track 3 (testimony of the first-level supervisor). As a result, the appellant entered an absence without leave (AWOL) status after she exhausted her FMLA leave. *E.g.*, IAF, Tab 4 at 83, 87, 92 (recording the appellant as AWOL for dates in April and May 2021). Her first-level supervisor further testified that the appellant did not reply to his emails or answer his phone calls during this period and that he could not leave a message because her voicemail was full. HR, Track 3 (testimony of the first-level supervisor).

In May 2021, the appellant's supervisor sent a letter to the appellant expressing his "concerns about [her] work availability" because she had not reported to work nor contacted him for nearly 1 month, save a single email in which, in its entirety, she wrote "I have a doctor appt [sic] today. S/L." IAF, Tab 4 at 131-32, 139. The supervisor explained that the appellant exhausted her FMLA leave. *Id.* at 131. He informed the appellant about the Employee Assistance Program, Occupational Health Services, and that she could apply for disability retirement, and he invited her to discuss any questions or concerns with him. *Id.*

There is no evidence that the appellant pursued any of these options or even responded to her supervisor's letter. Nothing in the record suggests that the appellant's supervisor should have assumed that the appellant's leave after

February 2021 was related to the medical condition referenced by her doctor in November 2020.  Therefore, the appellant failed to prove that she specifically requested an accommodation or more generally provided information suggesting that she needed one.  As a result, she did not meet her burden to prove her claim that she was denied reasonable accommodation.  *See Clemens,* 120 M.S.P.R. 616, ¶ 12.

Therefore, we affirm the initial decision as modified above.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1)** **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                  _____

                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.